UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Jeff Seipel and Tom Vevea, as Trustees of the
Minnesota Laborers Health and Welfare Fund
and Minnesota Laborers Pension Fund; James
Brady and Keith Kramer, as Trustees of the
Minnesota Laborers Vacation Fund; Tom
Vevea and Gary Reed, as Trustees of the
Construction Laborers' Education, Training,
and Apprenticeship Fund of Minnesota and
North Dakota; and Ronald Thornburg and
Chris Born, as Trustees of the Minnesota
Laborers Employers Cooperation and
Education Trust; and each of their successors,

        Plaintiffs,

vs.

MacHill Construction Services, LLC,

        Defendant.

_____

Civil File No. 08-5795 DSD/JSM

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
<u>ORDER FOR ENTRY OF DEFAULT</u>**

This matter was heard before the undersigned on the 9th day of January 2009. Amy Court of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## <u>FINDINGS OF FACT</u>

1.    The Summons and Complaint were filed with the Court on October 21, 2008. The service was accomplished upon Defendant on October 22, 2008.

2.    Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3.      The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the Application for Entry of Default were filed with the Court on November 13, 2008.

4.      The Clerk's Entry of Default was entered on November 14, 2008.

5.      Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter Funds).  The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37).   They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.  All contributions must be made and all reports must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, Minnesota 55120, as the administrative agent designated by the Trustees.

6.      Defendant MacHill Construction Services, LLC agreed to be bound to the terms of a Collective Bargaining Agreement between the Metropolitan Builders Division of Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions.

7.      The Collective Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

8.      The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely

submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

9.      Defendant failed to submit the fringe benefit contributions for the months of July 2008, August 2008, and September 2008.  After review of the fringe fund report forms, it was discovered that the Defendant incorrectly calculated the fringe benefit contributions amounts for the months of July 2008, August 2008, and September 2008.

10.     The correct amount due for fringe benefit contributions for the months of July 2008, August 2008, and September 2008 is $7,874.68.  Per the terms of the Collective Bargaining Agreement, an additional $787.47 is due for liquidated damages.

11.     Defendant remains delinquent for the fringe fund reports and fringe benefit contributions for the month of October 2008.  The November 2008 fringe fund reports and contributions will become due December 15, 2008.

12.     Plaintiffs reasonably believe that Defendant employed individuals during these months.  Furthermore, Defendant is obligated to remit the reports, indicating, if appropriate, that no hours were worked.

## CONCLUSIONS OF LAW

1.      Defendant is in default, and Plaintiffs are entitled to Entry of Default.

2.      Defendant is obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorney fees and costs incurred in collecting the delinquency.

3.      Defendant failed to submit the fringe benefit contributions due to Plaintiffs for the months of July 2008, August 2008, and September 2008 in the amount of $7,874.68.

3

4.      The amount due for liquidated damages for the months of July 2008, August 2008, and September 2008 is $787.47.

5.      Defendant is required to submit the October 2008 and November 2008 fringe fund reports and payment for the contributions due per those reports.

## ORDER

**IT IS ORDERED**:

1.      That Plaintiffs' Motion for Entry of Default is granted.

2.      That Defendant files the reports for the months of October 2008 and November 2008, if they have not already been submitted, at the offices of Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, correctly identifying hours worked pursuant to the Collective Bargaining Agreement within ten (10) days of service of this Order upon them.

3.      That Defendant pays to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for the months of October 2008 and November 2008, plus the amounts due for the months of July 2008, August 2008, and September 2008.

4.      That upon the filing of the outstanding reports for the months of October 2008 and November 2008 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment against all of the Defendant in the amount of all unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as

shown by Affidavit filed with the Court, and the Court shall enter judgment ten (10) days

after service of the motion and affidavit on Defendant.

Dated:  January 9, 2009                              BY THE COURT:


                                                      s/David S. Doty
                                                     The Honorable David S. Doty
                                                     United States District Court Judge


363450.DOC